508 P.2d 812

**MOUNTAIN STATES MOVING AND STORAGE COMPANY, a Utah corporation, Plaintiff and Appellant,**

**v.**

**SUHR TRANSPORT, INC., and Far-Go Van Lines, Inc., Defendants and Respondents.**

**No. 12926.**

Supreme Court of Utah.

April 5, 1973.

---

1. Title 10a, Part 3, California Code of Civil Procedure; Title 77–45a–1, Utah Code Annotated 1953 as amended..

Richards & Richards, Gary A. Frank, Salt Lake City, for plaintiff and appellant.

William T. Thurman, Salt Lake City, for defendant and respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action to recover for services it rendered under a written contract with Far-Go Van Lines. Far-Go is involved in a bankruptcy proceeding, but through counsel, it stipulated that judgment might be rendered against it in this action. Plaintiff sought to hold defendant, Suhr, liable under the theory that Far-Go was Suhr's agent. Upon trial before the court, judgment was rendered in favor of Suhr; plaintiff appeals therefrom.

Plaintiff, a Utah corporation, acts as an agent for van lines and provides origin and destination services, such as packaging, storing, and packing household goods involved in interstate movements. Suhr, whose principal place of business is in Great Falls, Montana, has an Interstate Commerce Commission certificate authorizing it to transport household goods between points in Montana and seven other western states, including Utah. Far-Go operated out of Norfolk, Virginia. Some time prior to June 21, 1968, the two defendants entered into an agreement for Far-Go to purchase part of Suhr's operating rights under the I.C.C. certificate, and a $3,000 deposit was placed in escrow.

This sale was subject to approval by the I.C.C. Pending the action of the I.C.C., the defendants entered into oral agreement whereby Far-Go would establish certain interlining arrangements for the transportation of household goods of military personnel, using Suhr's operating rights granted by the I.C.C. Under this oral agreement, Far-Go was to conduct the entire operation and Suhr would receive a five-dollar token payment for each shipment for the use of its operating rights. During the time this agreement was in effect Suhr received $9,300 for the shipments processed by Far-Go on Suhr's operating rights in the eight western states.

Subsequent to this oral agreement, Joe Hedge, an employee of Far-Go contacted Lyle Warner, President of plaintiff, and stated that Far-Go together with other carriers, was setting up a nationwide interlining system to handle transportation of household goods for military personnel. Hedge represented that Far-Go had permission to use Suhr's operating rights in eight western states, and he inquired whether plaintiff would be interested in participating in such system by providing services in Utah. Plaintiff signified its willingness and entered into a written agreement on June 21, 1968. This agreement was designated as "Far-Go Van Lines, Inc. Agency Agreement," and specified that Far-Go was the party of the first part, and plaintiff was agent and party of

the second part. (This is the agreement under which plaintiff seeks recovery in the instant action.) Following execution of this agency agreement, Hedge and Warner went to Hill Air Force Base and filed the necessary papers, using Suhr's operating rights, so that Far-Go could engage in transporting the household goods of military personnel.

Plaintiff, thereafter furnished services to Far-Go under the agency agreement and billed Far-Go for 150 shipments. Far-Go compensated plaintiff for approximately 120 of the shipments. When Far-Go became financially distressed and did not make payment for the remaining 30 shipments, this action was filed. At the time the agency agreement was executed plaintiff was informed that it was to submit all of its billings and communications regarding the agreement to Far-Go. Suhr was not mentioned in the agency agreement; Shur did not at any time perform any of the services, duties, or obligations cited in the agreement. Plaintiff neither billed Suhr for the services nor communicated with Suhr regarding any of the activities performed by plaintiff under the agreement. Suhr never communicated with plaintiff regarding such activities. There was no evidence adduced at the trial to indicate that Suhr attempted to direct, determine, or control the performance of the duties and obligations of Far-Go.

Based on the foregoing facts, the trial court determined that plaintiff was the agent of Far-Go under the terms of the agency agreement and was not the agent of Suhr. Suhr did not at any time ratify, condone, or approve directly or by implication any of the acts of Far-Go or plaintiff as being the acts of Suhr's agents. Suhr did not represent to third parties that plaintiff was Suhr's agent. There was no privity of contract between Suhr and plaintiff. Suhr was not obligated to plaintiff for the default or failure of Far-Go to comply with the terms and conditions of the agency agreement including the obligation to make payment for the services rendered, which constituted the basis of plaintiff's complaint. The oral permission, granted by Suhr to Far-Go to use Suhr's operating rights to transport household goods originating or destined for Utah, created no liability on the part of Suhr for services performed by plaintiff pursuant to the agreement between plaintiff and Far-Go. Plaintiff, in performing the services pursuant to the agency agreement, did not rely on any representation, actions, or conduct by any one that Suhr would be responsible for payment. The trial court rendered a judgment of no cause of action in favor of Suhr.

On appeal, plaintiff contends that Suhr is liable for $6,307.97 for the services rendered by plaintiff. Plaintiff urges that

until the I.C.C. had approved the transfer of Suhr's operating rights to Far-Go, Suhr remained responsible for all operations conducted on its rights. Plaintiff cites 49 C.F.R. § 179.1, which provides that no attempted transfer of any operating rights shall be effective prior to approval by the Interstate Commerce Commission. Plaintiff does not rely on the traditional concepts of agency, i. e., that a fiduciary relation resulted from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent so to act.[1] Plaintiff urges that one of the consequences of violating the regulations of the I.C.C. concerning the transfer of operating rights is to create as a matter of law an agency relation, whereby the transferor of the operating rights is held to the principal and responsible for the contracts of its agent, the transferee.

Such a consequence would itself constitute an evasion of the act and regulations thereunder, for a "transfer" requiring approval "embraces the conduct of the operation by a person other than the holder of the operating right."[2] Under plaintiff's theory, a person could, with impunity, transport goods in interstate commerce without authority by stating that he was merely an agent conducting and controlling the affairs of his principal, the owner of the operating rights. Such a subterfuge is impermissible.

■ ". . . What cannot be done directly may not be done indirectly. If a carrier does not have authority to perform a certain operation, it cannot perform that service by leasing another carrier's rights . . . ."[3]

Plaintiff further seeks to sustain its position by citing case law, such as, Cox v. Bond Transportation, Inc.,[4] wherein an interstate carrier that leases equipment is held responsible for the negligent operation of the equipment under 49 U.S.C.A. § 304(e), and the regulations promulgated thereunder. Since this action involves neither the lease of equipment nor the attempted recovery of a tort victim, the matters cited are not relevant to this action.

■ It should be observed that there are certain exceptions enumerated in 49 C.F.R. § 179.1, and whether the present transaction qualified thereunder was neither established nor refuted. Even if the transfer of the operating rights by Suhr to Far-Go were unlawful as alleged by plaintiff, the sanctions for such unlawful operation are

1. Continental Bank and Trust Company v. Taylor, 14 Utah 2d 370, 377, 384 P.2d 796 (1963); Restatement, Agency 2d, § 1.

2. 49 C.F.R., 179.1(a).

3. Tanksley Transfer Company Extension— Points in Four States, 110 I.C.C. Reports 674, 676–677, 110 M.C.C. 674, 676–677 (1969).

4. 53 N.J. 186, 249 A.2d 579 (1969).

specified in 49 U.S.C.A. § 322. Since the judgment of the trial court did not enforce the precise conduct made unlawful by the Act, this court will not provide a sanction, which the Act did not specify.[5]

The judgment of the trial court is affirmed. Costs are awarded to defendant, Suhr.

HENRIOD, ELLETT, CROCKETT and TUCKETT, JJ., concur.

5. General Freight Trans. Co. v. Riss & Company (C.A.7th 1960), 284 F.2d 836, 842.